UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MANUEL VEGA,

                Plaintiff,

     -against-

THE CITY OF NEW YORK,

                Defendants.
_____X

**AMENDED COMPLAINT**

**16-CV-8730 (CM)**

Plaintiff, **MANUEL VEGA**, alleges against the NYCPD in this complaint the following:

## PARTIES

**1].** The plaintiff in the above entitled caption is over the age of eighteen and resides at; 2070 Vyse Avenue, Apt. No. 1, Bronx, New York 10460.

**2].** The Defendants in this complaint is The City of New York, a municipal entity, The NYCPD48 PCT. NARCBBX & Detective, Mark Oconnell, shield # 005367, Police officer, Ryan Boylan, shield # 013957, including Police officers named herein as John Does", Shield # 900584, shield # 921406, Shield # 921406, NYCPD 48 Pct. No.48 NARCBBX, and Sergeant Fnu Lopez.

## JURISDICTION

**3].** Jurisdiction is conferred upon this court by **28 U.S.C. § § 1331, 1343(a), 1, 2, 3, & 4**, as this complaint seeks redress for violations of the plaintiff's constitutional rights. Plaintiff further invokes this courts supplemental jurisdiction pursuant to **28 USC 1367(a)** over any and all state claims that are similar to the within controversy.

## VENUE

**4].** Venue is proper in this complaint in accordance with **28 U.S.C. § 1391(b) 1 & 2** as the

defendant & plaintiff resides and this is the judicial district whereby the acts, events or omissions giving rise to the plaintiff's claim has taken place.

## JURY DEMAND

**5].** Plaintiff respectfully requests that a trial by jury in this action on each and every one of his claims for which a trial by jury is legally available.

## CAUSE OF ACTION

**6].** This is a civil rights action which seeks redress for violations under "color of state law" of the plaintiff's rights, privileges and immunities secured by **42 U.S.C. § 1983**, the fourth, and fourteenth amendments of the U.S. Constitution, including **Art. 1 § § 6 & 12 of the N.Y Constitution,** statutory, administrative and common law.

## FALSE ARREST

**7].** The plaintiff submits evidence in the form of the "sentencing minutes" of RAUL ORTIZ. The defendant who plead guilty in the case of November 15, 2013 and "ADMITTED" that the narcotic substances or drugs which were found in his possession were his and on his person on the day of this arrest. He did not purchase whatever substances were found on his person from the plaintiff, however, upon sentencing or the plea colloquy he was instructed to say and admit that he was "acting in concert" with the plaintiff in order to receive the leniency of the court. The Judge presiding was also confused ( see, sentencing minutes ) as to this mandate of procedure. The plaintiff knowing RAUL ORTIZ from the neighborhood merely greeted him in the shaking of hands and shortly thereafter was arrested. ( see also, report no analysis )

[ 2 ]

## MALISCIOUS PROSECUTION

**8].** In which the case was Terminated in favor of the accused ultimately a result of violating the plaintiff's right to a speedy trial, the people in essence never had a case against the plaintiff Manuel Vega. ( see, motion to dismiss, granted ).

## EXCESSIVE FORCE & POLICE BRUTALITY

**9].** On January 6, 2015, the plaintiff was arrested again by the same officers, who tortured the plaintiff by driving him around for hours, tightly handcuffed cutting off his circulation, beating him physically at central booking, the denying the plaintiff medical attention as the plaintiff had begged the officers to take off the hand cuff while he was detained & confined securely in a holding cell. The officers took the plaintiff to LINCOLN HOSPITAL in the Bronx New York and told the plaintiff: ..."The only way we're taking off those handcuffs is if you refuse and sign this document refusing medical treatment". The plaintiff had no other recourse but to do so.

**10].** Interesting and informative is the fact that these same officers have a history of civil complaints, police brutality and inappropriate behavior as the plaintiff submits evidence of a stipulation settlement agreed upon by these same officers in a previous unrelated case.

      **WHEREFORE,** Plaintiff respectfully amends his complaint and requests that this court may subpoena from central booking the documented inmate transfer logs which will confirm that he was in fact transported to a hospital however no documents were available at the hospital.

Respectfully:

Manuel Vega, plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel Vega

16 Civ. 8730 (CM)

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

-against-

The City of New York,

Jury Trial: ☐ Yes   ☐ No
**(check one)**

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

RECEIVED
SDNY DOCKET UNIT
2017 MAR -3 AM 10: 26

I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name    MANUEL Vega
                 Street Address  2070 Ulyse Ave Apt. No 1
                 County, City   Bronx    NY
                 State & Zip Code   NY    10460
                 Telephone Number    1+ 347 - 968 - 6478

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                1

| Defendant No. 1 | Name | The City of New York |
| | Street Address | Municipal Entity |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 2 | Name | |
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 3 | Name | |
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 4 | Name | |
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

## II.  Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions            ☐ Diversity of Citizenship

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Const. Amm IV V XIV,
NYs Const Art 1 sec. 6, 12

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

III.   **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? 179th Street Bronx New York and 2078 Vyse Ave Bronx NY 10460

B.   What date and approximate time did the events giving rise to your claim(s) occur? November 15, 2013  10:00 pm
January 6, 2015  9:15 pm

C.   Facts:   See attached.

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

IV.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

*Rev. 12/2009*                                    3

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. As the Court deems reasonable and appropriate. and or by Trial as deemed just and proper by a Jury of plaintiffs peers.

Compensatory and punitive damages and for such other relief that this court deems just and proper

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY DOCKET UNIT
2017 MAR -3  AM 10: 26

MANUEL VEGA,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK; N.Y.C.P.D.
PCT. NO. 48 NARCBBX; SERGEANT FNU
LOPEZ; DETECTIVE MARK OCONNELL,
SHIELD NO. 005367; POLICE OFFICER
RYAN BOYLAN, SHIELD NO. 013957;
POLICE OFFICERS, SHIELD NO. 900544,
NO. 921406, NO. 937746,

                              Defendants.

16-CV-8730 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging, among

other things, claims of false arrest, excessive force, and malicious prosecution stemming from

multiple encounters with Defendants dating back to 2013. By order dated December 13, 2016,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law

mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are taken from the complaint: Multiple officers of NYPD's

48th Precinct have been targeting Plaintiff for false arrests and malicious prosecutions since

January 19, 2013. Defendants falsely arrested Plaintiff on January 19, 2013, November 15, 2013,

January 6, 2015, and October 31, 2015.[1] The November 15, 2013 arrest "was deemed terminated

in favor of [Plaintiff], three (3) years later." (*Id.* at 3.)

On January 6, 2015, Defendants arrested Plaintiff and subjected him to "many

humiliating and degrading acts," such as "[driving] him around in a police van for hours while

arresting others[,] . . . forc[ing] the plaintiff in handcuffs to a cavity search[,] . . . [and]

assault[ing] the plaintiff by physically striking him." (ECF No. 2, at 3-4.) Plaintiff maintains that

the arrest was the result of an illegal search and seizure; that Defendants were deliberately

indifferent to his medical condition; and that "he was ultimately released on his own []

recognizance and judicially discharged." (*Id.* at 3.) Plaintiff sues the City of New York and

multiple named and unnamed officers of the 48th Precinct. He seeks compensatory and punitive

damages, in addition to costs, fees, and expenses.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.*

---

[1] Plaintiff does not provide any information about the charges brought against him after
any of the arrests, nor does he indicate the status of any criminal proceedings initiated against
him after the arrests occurring on January 19, 2013, and October 31, 2015.

*Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept

"[t]hreadbare recitals of the elements of a cause of action," which are essentially legal

conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions

from well-pleaded factual allegations, the court must determine whether those facts make it

plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint is short and plain, but it does not show that he is entitled to relief.

The Court cannot accept statements like "Defendants falsely arrested me, Defendants used

excessive force against me, and Defendants maliciously prosecuted me" as true because they are

simply legal conclusions. The Court therefore grants Plaintiff leave to amend his complaint to

provide sufficient facts to support his claims.

**A.    False Arrest Claim**

Plaintiff fails to allege facts sufficient to state a plausible false arrest claim. A claim for

false arrest under § 1983 incorporates the elements of a false arrest claim under state law. *See*

*Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under

New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff],

(2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the

confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*,

690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v.*

*City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest

constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant*

*v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Plaintiff does not describe the circumstances leading to his arrests. He does not indicate the charges brought against him as a result of the arrests. And he does not indicate the status of any criminal proceedings initiated against him. It is not enough to declare, "Defendants falsely arrested me." Plaintiff should provide facts, in the event that he chooses to amend the complaint, suggesting that Defendants lacked probable cause to arrest him.

**B.      Malicious Prosecution Claim**

Plaintiff fails to state a plausible malicious prosecution claim. The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).

Thus, because favorable termination is an element of a malicious prosecution claim, Plaintiff must allege that any criminal proceedings commenced against him terminated in his favor. Plaintiff alleges multiple instances of malicious prosecution, but does not indicate the nature or status of those proceedings, nor does he demonstrate that any of the proceedings terminated in his favor. Should Plaintiff choose to amend his complaint, he should allege facts, if they exist, suggesting that the proceedings terminated in his favor.

**C.      Excessive Force Claim**

Plaintiff's allegations that Defendants used excessive force against him are insufficient to state a claim. "The Fourth Amendment prohibits the use of excessive force in making an arrest,

and whether the force used is excessive is to be analyzed under that Amendment's

"'reasonableness" standard.'" *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015)

(quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Fourth Amendment's

reasonableness standard "requires consideration of the specific facts in each case, including the

severity of the crime at issue, whether the suspect posed an immediate threat to the safety of

others and whether he is actively resisting arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir.

2000) (citing *Graham*, 490 U.S. at 395-396).

Plaintiff states that Defendants used excessive force and that they assaulted him "by

physically striking him." (ECF No. 2, at 3.) He gives little factual context for his claim that

Defendants used excessive force, other than a description of the manner in which they applied

force to him. This is not enough to state a claim under the Fourth Amendment. If Plaintiff

decides to amend the complaint, he should give facts suggesting that Defendants' use of force

was unreasonable under the circumstances.

**D.     Medical Needs Claim**

The Court construes Plaintiff's complaint to allege that Defendants violated his

constitutional right to adequate medical care. To state a § 1983 claim for inadequate medical care

under the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege facts

showing that defendants were deliberately indifferent to the plaintiff's serious medical condition.

*See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d

Cir. 2009).

Plaintiff's entire statement with respect to this claim is as follows: "The defendants

displayed deliberate indifference to the plaintiffs [sic] medical condition and needs." (ECF No. 2,

at 3.) He does not describe his medical condition or his "needs." And he gives no facts

suggesting that Defendants knew about his condition or that they disregarded it. If Plaintiff

intends to pursue this claim, he should allege any facts suggesting that he had a serious medical

condition, that Defendants knew about it, and that Defendants disregarded it.

## E.    Precinct 48

Plaintiff's claims against Precinct 48 must be dismissed because the Precinct is part of the

New York City Police Department, and thus constitutes an agency of the City of New York that is

not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for

the recovery of penalties for the violation of any law shall be brought in the name of the city of

New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v.*

*City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740

F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a

municipal agency."). Because Plaintiff names the City of New York as a defendant, he need not

name the Precinct as a defendant. Therefore the Court dismisses Plaintiff's claims against

Precinct 48.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of

claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant named in the amended complaint. Plaintiff is also directed to

provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's

amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including
    what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date
    and time of each relevant event;

    d)  give the location where each relevant event occurred;

    e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 16-CV-8730 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 27, 2016
         New York, New York

COLLEEN McMAHON
Chief United States District Judge

8

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, PART H95

THE PEOPLE OF THE STATE OF NEW YORK

        -against-                    MOTION TO DISMISS

MANUEL VEGA,                    Indictment No. 0342-14

             Defendant.

PLEASE TAKE NOTICE, that upon the annexed affirmation of Jane Pucher, Esq.,

the undersigned will move the Supreme Court, Bronx County Criminal Division, Part H95,

on the 21st day of January, 2016, at 9:30 a.m. or as soon thereafter as counsel may be heard,

for an order:

1. Dismissing all counts of the criminal court information, pursuant to C.P.L. §§

    30.30(1)(a) and 210.20(1)(g) of the Criminal Procedure Law.

2. Granting such additional relief as the Court deems just and proper.

DATED:     Bronx, New York
           December 29, 2015

                                 Jane Pucher, Esq.
                                 The Bronx Defenders
                                 360 East 161st Street
                                 Bronx, NY 10451
                                 (718) 838-7878

**RECEIVED**

DEC 29 2015

SUPREME COURT CLERK'S OFFICE
BRONX COUNTY

1

TO:    ROBERT T. JOHNSON, ESQ.
District Attorney
Bronx County
Attn: Assigned ADA Najah Zeidan

Clerk of the Supreme Court
Criminal Division
Bronx County

LABORATORY REPORT



NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CONTROLLED SUBSTANCE ANALYSIS SECTION

| | |
|---|---|
| LABORATORY # | 2015-000886 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | |
| VOUCHER # | 2000391496 |

VOUCHERED BY: POM RYAN BOYLAN Tax#▮▮▮▮ Command: PBBX
ANTI-CRIME UNIT

PCT. OF VOUCHER: 048 Precinct
DEFENDANT(S): MANUEL VEGA          AGE: 58

| | |
|---|---|
| DATE SUBMITTED: | 01/07/2015 |
| DATE ASSIGNED: | 01/21/2015 |
| DATE PREPARED: | 01/21/2015 |

Laboratory #: 2015-000886

TYPE OF ANALYSIS: CONTROLLED SUBSTANCE ANALYSIS

EVIDENCE PRESENT AS ITEMIZED ON VOUCHER:   [X] YES   [ ] No  (SEE REMARKS)

RESULTS OF EXAMINATION/ANALYSIS

| Item # | Qty. | Description | Results | Weight |
|---|---|---|---|---|
| 1 | 1 | Glassine envelope(s) cont. solid material | Heroin | 0.047 g (aggregate wt.) |
| 2A | 1 | Glassine envelope(s) cont. solid material | Heroin | 0.051 g (aggregate wt.) |
| 2B | 8 | Glassine envelope(s) cont. solid material | No Analysis | 0.408 g (projected aggregate wt.) |

SUMMARY OF ANALYSIS

| Substance Identified | Item # | Weight |
|---|---|---|
| Heroin | 1, 2A | 0.098 g (aggregate wt.) |

REMARKS

| ⅛ oz = 3.544 g | ½ oz = 14.175 g | 1 oz = 28.349 g | 2 oz = 56.698 g | 4 oz = 113.396 g | 8 oz = 226.792 g | 16 oz = 453.584 g = 1 lb | 4535.84 g = 10 lbs |
|---|---|---|---|---|---|---|---|

TESTING METHODOLOGY

| Unit/Item # | Item # | Methods Used |
|---|---|---|
| 1 | 1 | Color Test, GC/MS |
| 2.1 | 2A | Color Test, GC/MS |
| 2.2-2.9 | 2B | N/A |

THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
HTTP://WWW.CRIMINALJUSTICE.NY.GOV/FORENSIC/LABREPORTSTANDARDS.HTM
THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME.  FALSE STATEMENTS
MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM IB | Peter DeCuzzi | |  | 01/21/2015 | 01/22/2015 | Page 1 of 1 |
|---|---|---|---|---|---|---|
| RANK/TITLE | ANALYST/TITLE | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED | |



CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

1.   MANUEL VEGA M/56
     a.k.a. MANNY
     Arrest# B13679513

                    Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

2013BX065985

     DET MARK OCONNELL of NARCBBX,  Shield# 005367,  states that on or about
November 15, 2013 at approximately 10:00 PM at East 179th Street and Vyse
Avenue, County of the Bronx, State of New York,

     THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (F) P.L. 220.39(1)              Criminal Sale of a Controlled Substance 3^
                                  DQO
2 (F) P.L. 220.16(1)              Criminal Possession of a Controlled
                                  Substance 3^ DQO
3 (M) P.L. 220.03                 Criminal possession of a controlled
                                  substance in the seventh degree DQO

IN THAT THE DEFENDANT DID: knowingly and unlawfully sell a narcotic drug;
knowingly and unlawfully possess a narcotic drug  with intent to sell it and
knowingly and unlawfully possesses a controlled substance.

     THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

     Deponent is informed by DET BRIAN D OHANLON of NARCBBX,  Shield# 003581,
that at the above time and place he observed the defendant and separately
apprehended RAUL ORTIZ (Arrest No. B13679518) engaged in a brief coversation
after which deponent observed separately apprehended ORTIZ hand a sum of United
States currency to the defendant and, in exchange, the defendant handed
separately apprehended ORTIZ a small object.

     Deponent is further informed by informant he observed separately apprehended
ORTIZ to have on his person, in his hand which he then dropped to the ground,
one (1) bag which contained a beige powdery substance.

     Deponent states, that he is informed by informant, known to deponent, that
based upon informant's training and experience, which includes training in the
recognition of controlled substance, and its packaging, the aforementioned
substance is alleged and believed to be HEROIN.

     Deponent is further informed by informant that he observed the defendant to

Fax Server            11/16/2013 9:08:37 PM   PAGE    3/003    Fax Server

Deponent states, that he is informed by informant, known to deponent, that based upon informant's training and experience, which includes training in the recognition of controlled substance, and its packaging, the aforementioned substance is alleged and believed to be HEROIN.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

11/16/13    211548            [signature]
DATE and TIME                  SIGNATURE

SUPREME COURT OF THE STATE OF NEW YORK        FEE:$10.00
BRONX COUNTY
265 EAST 161 STREET
BRONX, NY 10451

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 01/22/2016                    CERTIFICATE OF DISPOSITION NUMBER: 62188

PEOPLE OF THE STATE OF NEW YORK        CASE NUMBER:              00342-2014
                VS.                    LOWER COURT NUMBER(S):    2013BX065985
                                       DATE OF ARREST:           11/15/2013
                                       ARREST #:                 B13679513
                                       DATE OF BIRTH:            12/24/1956
VEGA,MANUEL                            DATE FILED:               01/31/2014
_____
            DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 01/21/2016 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  GREENBERG,E    THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 01/22/2016.

_____
              COURT CLERK

RECEIVED
DISPO
DATE: 1/27/16
        HC

Fax Server          RECEIVED 1/7/2015 1:34:42 PM   PAGE   2/003   Fax Server

2015BX000623

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

1.  MANUEL VEGA M/58
    a.k.a. MANNY
    Arrest# B15600655

                    Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

PO RYAN BOYLAN of NARCBBX,  Shield# 013957,  states that on or about January 16, 2015 at approximately 9:15 PM at Front of 2078 Vyse Ave, County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (F) P.L. 220.16(1)        Criminal Possession of a Controlled Substance 3^ DQO
2 (M) P.L. 220.03           Criminal possession of a controlled substance in the seventh degree DQO

IN THAT THE DEFENDANT DID: knowingly and unlawfully possess a narcotic drug with intent to sell it and knowingly and unlawfully possesses a controlled substance.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent is informed by DET BRIAN D OHANLON of NARCBBX,  Shield# 003581, that at the above time and place, informant observed defendant to have on his person, in his hand and then throw to the ground, a bundle of ten (10) glassines each containing a tan, powdery substance.

Deponent is further informed by informant that based upon informant's



002324396

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX                             CERTIFICATE OF DISPOSITION
                                                NUMBER:  140110
THE PEOPLE OF THE STATE OF NEW  YORK
                  VS

VEGA,MANUEL                                      12/24/1956
Defendant                                   Date of Birth

2070 VYSE AVENUE                                 3600981N
Address                                     NYSID Number

BRONX              NY  10460                     01/06/2015
City              State  Zip                Date of Arrest/Issue

Docket Number: 2015BX000623                 Summons No:

220.16 220.03
Arraignment Charges
```

Case Disposition Information:

|     Date     |      Court Action                |    Judge        |  Part  |
| ------------ | -------------------------------- | --------------- | ------ |
| 06/02/2016   | DISM - SPEEDY TRIAL PROVISIONS   | RIVERA,B        | AP2    |

DISMISSED
& SEALED

     I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

TURNBULL,V                                  06/08/2016
COURT OFFICIAL SIGNATURE AND SEAL           DATE       FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

NICOLE MINELLI, as Administratrix of the Estate of
Salvatore Limongelli,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, et. al.,

                              Defendants.
----------------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT**

12 CV 8731 (KBF)

        **WHEREAS,** Salvatore Limongelli commenced this action by filing a complaint on or about November 30, 2012, alleging that the defendants violated his federal civil and state common law rights; and

        **WHEREAS,** Mr. Limongelli died on or about March 14, 2013, and the Bronx County Surrogate's Court granted Nicole Minelli Limited Letters of Administration for Mr. Limongelli's estate on November 12, 2013; and

        **WHEREAS,** Nicole Minelli, as Administratrix of the Estate of Salvatore Limongelli, was substituted as plaintiff in this action and filed an amended complaint on or about December 3, 2013; and

        **WHEREAS,** defendants City of New York, Doris Lopez and Brian O'Hanlon have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized her counsel to settle this matter, subject to the approval of the Bronx County Surrogate's Court, on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2.    Defendant City of New York hereby agrees to pay the Estate of Salvatore Limongelli the sum of Sixty Thousand ($60,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of Salvatore Limongelli's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.    Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated Salvatore Limongelli's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.      Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.      This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         July  3      , 2014


BELDOCK, LEVINE & HOFFMAN, LLP.
*Attorneys for Plaintiff*
99 Park Aveune, Suite 1600
New York, NY 10016



By: _____
     Joshua Moskovitz, Esq.
     *Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Lopez and*
*O'Hanlon*
100 Church Street, Rm. 3-133B
New York, New York 10007


By: _____
     Mark Zuckerman, Esq.
     *Senior Counsel*

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF BRONX : PART AP5
--------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                    - against -                    Docket No.
                                                   2013BX065948

RAUL ORTIZ,

                              Defendant.

--------------------------------------------X
                              265 East 161st Street
                              Bronx, New York
                              March 19, 2014

B E F O R E :

            HONORABLE LINDA POUST-LOPEZ,
                              Justice.

A P P E A R A N C E S :

      FOR THE PEOPLE:

            ROBERT T. JOHNSON, ESQ.
                  Bronx District Attorney
                        198 East 161st Street
                        Bronx, New York  10451
                  BY:  MICHAEL DAS, ESQ.
                        Assistant District Attorney


      FOR THE DEFENDANT:

            THE LEGAL AID SOCIETY
                  260 East 161st Street
                  Bronx, New York  10451
            BY:  SCOTT SPIVAK, ESQ.




                  CANDACE M. HAMMOND, RPR
                  OFFICIAL COURT REPORTER

2

Proceedings

1

2       COURT OFFICER:  Calling number 36, docket ending

3  948, Raul Ortiz.  Defendant is charged with 220.03.

4       MR. SPIVAK:  Legal Aid Society by Scott Spivak

5  for the attorney of record Susan Sevin.

6       THE COURT:  Is there an offer?

7       MR. DAS:  Just a moment, your Honor.

8       Yes, your Honor.  The People have an offer for a

9  240.20 and three days social services.

10      MR. SPIVAK:  We have a disposition, Judge.

11      THE COURT:  Okay.

12      MR. SPIVAK:  My client authorizes me to enter a

13  plea to Penal Law 240.20, a violation, not a crime,

14  disorderly conduct, with the understanding that he will be

15  required to complete three days of social services.

16      THE COURT:  Are you waiving prosecution by

17  information?

18      MR. SPIVAK:  Yes.

19      MR. DAS:  Judge?

20      THE COURT:  Yes.

21      MR. DAS:  Also -- just one moment.

22      THE COURT:  Do you want judgment on the

23  surcharge, counsel?

24      MR. SPIVAK:  Okay.  Judge, if you could enter

25  judgment.

26      MR. DAS:  Well, Judge, if we could have just one

Candace M. Hammond, RPR, Official Court Reporter

3

1                         Proceedings

2   moment.

3                  (Pause in the proceedings.)

4              MR. DAS:  Yes, Judge, I apologize.  We can

5   continue.

6              THE COURT:  Okay.  You entered the plea, right?

7              MR. DAS:  Well, Judge, the People would just

8   request that the Defendant allocute that he was acting in

9   concert with Defendant Manuel Vega, who also has a case

10  with the office in a separate matter.

11             THE COURT:  Acting in concert to commit

12  disorderly conduct?

13             MR. DAS:  Yes, with the Defendant Manuel Vega.

14             MR. SPIVAK:  We're agreeable to that.  I don't

15  know if it makes sense entirely.

16             THE COURT:  I don't think it makes much sense.

17  All right.

18             MR. SPIVAK:  I mean, I think that was a condition

19  of the plea.

20             THE COURT:  All right.  That's fine.

21             You entered the plea, right?  Are you waiving

22  prosecution by information?

23             MR. SPIVAK:  Yes.

24             THE COURT:  Okay.  Mr. Ortiz, your lawyer tells

25  me that you want to plead guilty to disorderly conduct,

26  which is not a crime, it's a violation.  Is that what you

          Candace M. Hammond, RPR, Official Court Reporter

4

Proceedings

1

2   wish to do?

3            THE DEFENDANT:  Yes, ma'am.

4            THE COURT:  Are you pleading guilty voluntarily?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you understand that, by pleading

7   guilty, you are giving up your right to go to trial and any

8   right that goes along with that, such as the right to

9   present a defense or the right to confront the witnesses

10  against you?

11           THE DEFENDANT:  Yes, ma'am.

12           THE COURT:  What was the other name, People?

13       MR. DAS:  Manuel Vega.

14           THE COURT:  Okay.  And, Mr. Ortiz, is it true

15  that when you were -- that you were committing disorderly

16  conduct on November 15th, 2013, in the Bronx; is that true?

17           THE DEFENDANT:  Yes.

18           THE COURT:  And you were being disorderly

19  with Manuel Vega and acting in concert with Manuel Vega?

20           THE DEFENDANT:  Yes, ma'am.

21           THE COURT:  And is there anything else you want

22  to say before you're sentenced?

23           THE DEFENDANT:  No, ma'am.

24           THE COURT:  Your sentence is a conditional

25  discharge with the condition that you have no new arrests

26  in the next year and, also, that you complete three days of

Candace M. Hammond, RPR, Official Court Reporter

5

1                           Proceedings

2       social services.  So you have to sign up for that before

3       you leave here today, and then you have to come back to

4       court on May 21st to the ASC part to show the proof that

5       you finished the social services and to -- and I'm entering

6       judgment on the surcharge.

7                   Thank you.  You can go.

8                   MR. SPIVAK:  Thank you, Judge.

9                           * * * * * *

10      This is certified to be a true and accurate transcript of the

11      above proceedings recorded by me.

12

13

14                      *Candace Hammond*

15                      CANDACE M. HAMMOND, RPR

16                      OFFICIAL COURT REPORTER

17

18

19

20

21

22

23

24

25

26

              Candace M. Hammond, RPR, Official Court Reporter

MANuel VEga
2070 Ulyse Avenue Apt # 1
Bronx, NY 10460

RECEIVED
SDNY DOCKET UNIT
2017 MAR -3  AM 10: 26

USM
SDNY

ATT: Clerk of Court
United States District Court
S.D.N.Y
Daniel Patrick Moynihan U.S. Court
US Courthouse — 500 Pearl Street
New York, NY 10007

URgent Legal Mail

U.S. POSTAGE
PAID
BRONX, NY
FEB 10451
25, 17
AMOUNT
$2.03
R2305M148079-31

1000
10007